UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WORKERS COMP SOLUTIONS LLC, LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL ROMANSKI, et al.,<br><br>Defendants. | Case No. 5:16-cv-06084-HRL<br><br>**ORDER CONDITIONALLY GRANTING PLAINTIFF'S ATTORNEY'S MOTION TO WITHDRAW**<br><br>Re: Dkt. No. 41 |

Plaintiff Workers Comp Solutions LLC Liquidating Trust brought this action for alleged violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq. and state law claims. Earlier this year, plaintiff filed for bankruptcy, and this court is told that this action is property of the estate. Although not required to do so, the court stayed this matter for several months because plaintiff's counsel, Bruce Grego, advised that he only had limited authority to act in this lawsuit, and for all practical purposes, plaintiff was without legal representation. Just prior to the most recent status conference held on September 8, Grego filed the present motion for permission to withdraw as counsel of record. The court has received no objections or oppositions to the motion, and briefing on this matter is closed. As advised at the status conference, the motion is deemed suitable for determination without oral argument. Civ. L.R. 71-(b). Upon consideration of the moving papers, the court conditionally grants the motion as follows:

"Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). "In the Northern District of California, the conduct of counsel is governed by the standards of professional conduct required of members of the State Bar of California, including the Rules of Professional Conduct of the State Bar of California." *Hill Design Group v. Wang*, No. C04-521 JF (RS), 2006 WL 3591206 at *4 (N.D. Cal., Dec. 11, 2006) (citing *Elan Transdermal Limited v. Cygnus Therapeutic Systems*, 809 F. Supp. 1383, 1387 (N.D. Cal.1992)). Those standards provide that an attorney may seek permission to withdraw if, among other things, the client's conduct renders it unreasonably difficult for the attorney to represent the client effectively. *Id.* (citing Cal. Rules of Professional Conduct Rule 3-700(C)(1)(d),(f)).

Here, Grego says that plaintiff has not been cooperating or communicating with him, hampering his ability to proceed in this matter. In particular, Grego states that the bankruptcy estate is controlled by the bankruptcy trustee; and, despite communications with the trustee's attorney, Grego says he has received no substantive communication or direction from the trustee's office about this matter. (Dkt. 41-2, Declaration of Bruce Grego). Defendant Daniel Romanski advised that he does not oppose Grego's motion. The record indicates that Grego served notice of this motion on the trustee, the trustee's attorney, and the debtor's attorney. As noted above, the court has received no response from any of them.

Finding sufficient grounds for withdrawal, the court grants the motion, **subject to the condition that papers may continue to be served on Grego for forwarding purposes, unless and until plaintiff appears by other counsel or pro se**. Civ. L.R. 11-5(b).

**Further, plaintiff is advised that it may not appear pro se or through its corporate officers, but must retain new counsel forthwith to represent it in this lawsuit**. *See* Civ. L.R.3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court"); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel"); *In Re Highley*, 459 F.2d 554, 555 (9th Cir. 1972) ("A corporation can appear in a court proceeding only through an

attorney at law").

Accordingly, this court sets a further status conference for **October 24, 2017, 1:30 p.m.** If new counsel has not made an appearance for plaintiff by that time, then absent a showing of good cause, the court will have this case dismissed for lack of prosecution.

SO ORDERED.

Dated:   October 2, 2017

HOWARD R. LLOYD
United States Magistrate Judge