United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WORKERS COMP SOLUTIONS LLC, LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL ROMANSKI, et al.,<br><br>Defendants. | Case No. 5:16-cv-06084-HRL<br><br>**ORDER DISMISSING CASE** |

Earlier this year, plaintiff filed for bankruptcy. Although not required to do so, the court stayed this matter for several months because plaintiff's counsel, Bruce Grego, advised that he had only limited authority to act in this lawsuit, and for all practical purposes, plaintiff was without legal representation. The court held a series of status conferences at which the parties said they had no material developments to report.

This court subsequently granted attorney Grego's motion for leave to withdraw as plaintiff's counsel, subject only to the condition that papers could continue to be served on him for forwarding purposes. (Dkt. 43). In bold typeface, the court's order told plaintiff that "it may not appear pro se or through its corporate officers but must retain new counsel forthwith to represent itself in this lawsuit." (Id. at 1). Further, the order set an October 24, 2017 status conference and advised: "If new counsel has not made an appearance for plaintiff by that time, then absent a

showing of good cause, the court will have this case dismissed for lack of prosecution." (Id. at 2). The court's records show that the order was mailed to the bankruptcy trustee and counsel at the addresses identified by Grego in his motion to withdraw. (Dkt. 44).

At the October 24 conference, Grego and defense counsel appeared. There was no appearance by anyone connected with the bankruptcy proceedings, and no one has otherwise entered an appearance to pursue these proceedings on plaintiff's behalf. Neither Grego nor defense counsel had anything new to report. Finding no good cause to keep this matter open, this court now dismisses this case for failure to prosecute.[1] The clerk shall close this file.

SO ORDERED.

Dated: October 24, 2017

HOWARD R. LLOYD
United States Magistrate Judge

---

[1] All parties that have appeared have consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. There is no indication that the other named defendant has been served. Unserved defendants are not deemed to be "parties" to the action within the rules requiring consent to magistrate judge jurisdiction. Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995); Merino v. Saxon Mortgage, Inc., No. C10-05584, 2011 WL 794988 at *1, n. 1 (N.D. Cal., Mar. 1, 2011) (Laporte, J.).